UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN DIVERSITY
MIAMI DIVISION

JOSE DE LA LAMA and ALICIA ROBLES DE LA LAMA

    Plaintiffs,

v.

NEWREZ, LLC. d/b/a SHELLPOINT MORTGAGE SERVICING

    Defendant.

CASE NO:

## VERIFIED COMPLAINT

COMES NOW, JOSE DE LA LAMA and ALICIA ROBLES DE LA LAMA (collectively "DE LA LAMA"), by and through their undersigned Counsel, and files this, their Complaint against NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING ("NEWREZ") and would allege as follows:

### PARTIES JURISDICTION AND VENUE

1. Subject matter jurisdiction is predicated upon 28 U.S.C. §1332, Diversity of Citizenship as no Plaintiff and Defendant are citizens of the same state and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest and attorney's fees.

2. Plaintiffs are citizens and residents of Florida who reside in Miami-Dade County, Florida.

CASE NO.

3. Defendant NEWREZ is a Delaware Corporation whose principal place of business is 1100 Virginia Suite Drive, Suite 125, Fort Washington, PA 19034.  NEWREZ's members are Kevin Harrigan, Bruce Williams, Jack Navarro, Shellpoint Partners, LLC and Joseph McSherry. None of them citizens of the state of Florida for the purpose of diversity.  Upon information and belief, Kevin Harrigan is a citizen of Pennsylvania.  Bruce Williams is a citizen of New York. Jack Navarro is a citizen of South Carolina, Shellpoint Partners, LLC is a citizen of New York and Joseph McSherry is a citizen of Pennsylvania.

4. Defendant is subject to personal jurisdiction in the state of Florida pursuant to Florida Statute 48.193 where, among other things, NEWREZ:

    a. Is registered to conduct business in Florida with the Florida Secretary of State;

    b. Operates, conducts, engages in or carries on a business in Florida or has an office or agency in Florida;

    c. Breached a contract in Florida by failing to pay monies owed to Plaintiffs in Florida;

    d. Conducts substantial and not isolated activities in the state of Florida that collectively show a general course of business activity in the State for pecuniary benefit.

5. Venue is proper where the actions which give rise to the instant lawsuit occurred or were to be performed, in part, in Miami-Dade County Florida.

CASE NO.

## **GENERAL ALLEGATIONS**

6. In April, 2020, Plaintiffs resolved two separate lawsuits against their insurer HERITAGE PROPERTY & CASUALTY INSURANCE COMPANY ("HERITAGE") arising from windstorm losses to their home at 9855 SW 142nd Drive, Miami, FL 33176, which occurred on or about September 10, 2017. A true and correct copy of the Settlement Agreement is attached hereto as **EXHIBIT "A."**

7. The Settlement Agreement called for the payment of $92,500.00 to Plaintiffs and Floridian International Adjusters and PHH Mortgage Services ISAOA.

8. Ultimately, the funds were sent to NEWREZ, Plaintiffs mortgage servicing company. It is believed NEWREZ was paid as a result of the Heritage Policy by its terms requiring any insurance payments be made to the owners as well as any mortgagee; however, this was the settlement of a lawsuit.

9. The payments from HERITAGE were part of a settlement of disputed claims and Plaintiffs were immediately entitled to payment of the funds from its mortgage servicing company NEWREZ. Accordingly, Plaintiffs made repeated demands upon NEWREZ beginning in April, 2020 for payment of the funds. Plaintiffs even sent NEWREZ proof that the property was in working order by providing a copy of an inspection performed in May, 2020. A copy of a letter dated July 23, 2020 is attached hereto as **EXHIBIT "B"** and a letter with attached inspection dated August 12, 2020 is attached hereto as **EXHIBIT "C."**

CASE NO.

10. Despite Plaintiffs demands, NEWREZ refused to pay Plaintiffs. Instead NEWREZ required Plaintiff to hire a contractor, abide by other conditions, and meet certain milestones in order to be paid. A copy of a letter dated June 8, 2020 outlining the process is attached hereto as **EXHIBIT "D."**

11. In addition to requiring a signed contract, waiver of lien from the contractor, W-9, the letter provides in relevant part as follows:

> NEXT STEPS: HOW DO I RECEIVE MY INSURANCE CLAIM FUNDS?
>
> Once the endorsed insurance check(s) is received, it will be deposited into an account for repairs to the property. The funds will be released as repairs to your property are completed and we receive the required documentation.
>
> *STEP 1- To receive your first check
>
> Send us all required documents and your endorsed claim check for a partial disbursement of your claim funds.
>
> *STEP 2 – To receive additional checks
>
> Submit all required documents and have an inspection completed confirming at least 50% of your repairs have been completed.
>
> *STEP 3 – To receive all of your insurance claim funds
>
> Submit all required documents and have an inspection completed on your property confirming your repairs have been completed.
>
> STEP 1 EXPLAINED:
>
> **Once funds are available and all required documents have been received and verified, an initial check will be issued and made payable to you, your Contractor and all payees listed on the original claim check** from your insurance company.

- 4 -

CASE NO.

\* If you loan is current, your Initial check amount will be at least $40,000.00.

\*\*\*

STEP 2 EXPLAINED:

- **Once repairs are at least 50% complete, you may request an inspection**…

- **After you submit your request, an inspection company will contact you to schedule your inspection. Once we receive the inspection results verifying your repairs are at least 50% complete and all required documents have been received, the second check will be released and made payable to you, your contractor and all payees listed on the original claim check**.

\* If your loan is current, your Second check will be:

\* 50% of the remaining claim funds.

STEP 3 EXPLAINED:

- Once repairs are completed, you may request an inspection….

- **After you submit your request, an inspection company will contact you to schedule your inspection. Once we receive the inspection results verifying your repairs are completed, the claim process will be finalized.**

**The final check for your remaining claim funds will be released and made payable to you, your Contractor and all payees listed on the original claim check.**

*Id.* (emphasis added).

12. The letter further provides that the checks will be delivered to Jose A De La Lama at 9855 SW 142nd Drive, Miami, FL 33176. *Id*. at Page 5.

13. Plaintiffs complied with NEWREZ procedures because NEWREZ otherwise refused to pay Plaintiffs the settlement funds it was wrongfully withholding. Accordingly,

- 5 -

CASE NO.

Plaintiffs retained a contractor (Intercontinental Contracting & Engineering) to perform work on their residence and submitted the appropriate documentation to NEWREZ.

14. Importantly, Plaintiffs never authorized any payments be made directly to Intercontinental Contracting & Engineering, or to its President Greisy Valdes a/k/a Geisy Valdes ("Valdes").

15. Over a period of months, Intercontinental Contracting & Engineering failed to perform its work under the contract. During this time period, Plaintiffs learned that in addition to the out of pocket payments they made of their own monies to Intercontinental Contracting & Engineering in the amount of $77,286, Intercontinental Contracting & Engineering and/or Valdes had received payments totaling $83,250 of Plaintiffs' insurance monies when Plaintiffs had never authorized NEWREZ to send payments directly to the contractor and when there was never even any inspection performed pursuant to NEWREZ's own procedures. A copy of the redacted endorsed checks are attached hereto as **EXHIBIT "E."**

16. Plaintiffs have now learned that Valdes is a convicted felon who is not a licensed contractor and who cashed the checks without Intercontinental performing under the terms of the contract.

17. Plaintiffs made a demand upon NEWREZ to return the monies it should have never paid directly to Valdes and/or Intercontinental Contracting & Engineering on December 1, 2021 and to date, has never received any meaningful response.

18. All conditions precedent to the instant lawsuit have been met or waived.

CASE NO.

## COUNT I: BREACH OF CONTRACT

19.     Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1 – 18 as if fully set forth herein.

20.     NEWREZ had a contractual duty to make payments of Plaintiffs' settlement proceeds to Plaintiffs pursuant to the terms and conditions outlined in the June 8, 2020 letter attached hereto as EXHIBIT "D."  That duty included sending the checks directly to Jose De La Lama and having milestone inspections performed prior to any final payment being issued.

21.     NEWREZ violated its contractual duty to Plaintiffs where, amongst other things it did the following:

   a.     It sent payments directly to Greisy Valdes and/or Intercontinental Contracting & Engineering without the consent of Plaintiffs and without providing notice to Plaintiffs;

   b.     It sent final payment to Greisy Valdes and/or Intercontinental Contracting & Engineering without any inspection having been performed  and without having even contacted Plaintiffs and providing them of notice of any inspection or payment.

22.     As a result of NEWREZ, LLC's breach, Plaintiffs have suffered damages of at least $83,250.00 exclusive of costs, interest or attorney's fees.

## COUNT II – BREACH OF FIDUCIARY DUTY

23.     Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1 – 18 as if fully set forth herein.

- 7 -

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100

CASE NO.

24. NEWREZ was at all material times acting as escrow agent for the insurance proceeds belonging to Plaintiffs.

25. As escrow agent for Plaintiffs, NEWREZ had a fiduciary duty to exercise reasonable skill and ordinary diligence in performing its duties and in protecting and preserving the res under the terms of the agreement.

26. The agreement required, amongst other things, that NEWREZ make payments directly to Jose De La Lama and that no final payment would be made without an inspection with notice to the Plaintiffs.

27. NEWREZ breached its fiduciary duties to Plaintiffs where, amongst other things, it did the following:

    a. It sent payments directly to Greisy Valdes and/or Intercontinental Contracting & Engineering without the consent of Plaintiffs and without providing notice to Plaintiffs;

    b. It sent final payment to Greisy Valdes and/or Intercontinental Contracting & Engineering without any inspection having been performed and without having even contacted Plaintiffs providing them notice of any inspection.

28. As a result of NEWREZ, LLC's breach, Plaintiffs have suffered damages of at least $83,250.00 exclusive of costs, interest or attorney's fees.

- 8 -

CASE NO.

## COUNT III: MONEY HAD AND RECEIVED

29. Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1 – 18 as if fully set forth herein.

30. Defendant NEWREZ received $92,500 of settlement proceeds intended for Plaintiffs.

31. NEWREZ has failed to return $83,250 of Plaintiffs settlement funds, despite repeated demands.

32. Equity and good conscience require that NEWREZ should pay to Plaintiffs the monies which belong to Plaintiffs and which Plaintiffs were intended to receive from their settlement.

WHEREFORE, Plaintiffs demand judgment against NEWREZ in excess of $83,250.00, plus costs, pre and post judgment interest, and such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, and hereby demands trial by jury on all matters so triable as a matter of right.

CASE NO.

Respectfully submitted,

/s/ Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Robert D. McIntosh
Fla. Bar No. 115490
Email: rmcintosh@fowler-white.com

FOWLER WHITE BURNETT, P.A.
200 East Las Olas Boulevard
Suite 2000 - Penthouse B
Fort Lauderdale, Florida 33301
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

- 10 -

**VERIFICATION**

In accordance with 28 U.S.C. § 1746, I hereby verify under penalty of perjury pursuant to the laws of the United States of America that I have read the foregoing Verified Complaint, and that the facts stated therein are true and correct to the best of my knowledge.

Dated: April 6, 2022
By:_____
Alicia Robles De La Lama

Dated: April 6, 2022
By:_____
Jose De La Lama